IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERYL L. GOODSPEED           :
13 Pecan Pass Loop             :
Ocala, FL 34472               :
                            :
     Plaintiff,                :
                            :
v.                             : Civil Action No:
                            :
THE PRUDENTIAL INSURANCE COMPANY   :
OF AMERICA,                 :
290 West Mount Pleasant Avenue     :
Livingston, NJ 0739            :
                            :
SERVE:      Insurance Commissioner   :
           District of Columbia      :
           Administration Division    :
           801 1st St., NW, Ste. 701   :
           Washington, DC 20002    :
                            :
and                           :
                            :
INSIGHT ENTERPRISES, INC. LONG TERM   :
DISABILITY PLAN           :
                            :
SERVE:                   :
          Human Resources Department  :
          6820 S Harl Ave.       :
          Tempe, Arizona 85283    :
                            :
     Defendants.             :

## **COMPLAINT**

1.     Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA

§502, 29 U.S.C. § 1132.

2.     This court has jurisdiction pursuant over the issues raised herein pursuant to

ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

3.      Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.      This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

## Parties

5.      Plaintiff is an adult resident of Ocala, Florida.

6.      Plaintiff was a plan participant under a group benefits plan established by Insight Enterprises, Inc. (Hereinafter, "Insight")

7.       Insight contracted with the Prudential Insurance Company of America (Hereinafter, "Prudential") to act as the insurer for the plan.

## The Disability Contract

8.       Prudential has made all of the decisions  regarding plaintiff's claim for disability benefits in this case.

9.      The plan promises to pay benefits if an employee is disabled.

10.     Pertinent plan definitions include the following:

Your are disabled when Prudential determines that:

- you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and

- you have a 20% or more loss in your **indexed monthly earnings** due to that **sickness** or **injury**.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

Disabilities which, as determined by Prudential, are due in whole or part to **mental illness** have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week. Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

**Regular occupation** means the occupation you are routinely performing when you disability begins.  Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Mental Illness** means a psychiatric or psychological condition regardless of cause.  Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization,

3

substance related disorders, and/or adjustment disorders or other
conditions.  The conditions are usually treated by a mental health provider
or other qualified provider using psychotherapy, psychotropic drugs, or
other similar methods of treatment as standardly accepted in the practice
of
medicine.

### Plaintiff's Disability Claim

11.    Plaintiff suffers from degenerative disc disease, carpal tunnel syndrome, migraine

headaches, fibromyalgia, among other illnesses.

12.    Plaintiff was an employee at serving as Sales Representative at the time when she

became disabled on September 6, 2002.

13.    Following an initial denial of benefits, Plaintiff was paid short term disability

benefits on appeal which continued until December 2, 2002 at which time she was approved to

receive long term disability benefits began subject to the 24 month "own occupation" period.

14.    Plaintiff's benefits were terminated on December 5, 2004 with the insurer stating

that she was no longer qualified for benefits as she was subject to the mental illness limitation

exclusion limiting disability payments to a duration of 24 months.

15.    Plaintiff timely filed an appeal in her claim which included additional medical

reporting and medical literature supporting her right to continuing benefits on March 4, 2005.

16.    Prudential reviewed the appeal and issued a claim denial on May 20, 2005, this

time basing the denial that the evidence submitted did not support an impairment which would

prevent the Plaintiff from performing the substantial duties of her occupation.

17.    In accordance with Prudential's instructions, Plaintiff again appealed the decision

on November 15, 2005 and included additional evidence in support of her claim.

18.    Prudential issued another claim denial dated April 13, 2006 stating that there were

"no physical limitations" based on their review of the medical evidence and therefore Plaintiff had no functional impairment precluding her from performing her prior work.

19.    In accordance with Prudential's instructions, another appeal was filed by Plaintiff timely on October 9, 2006.

20.    Prudential again denied the final appeal on February 5, 2007 maintaining that Plaintiff was capable of performing her past work.  This denial was based on a review of the evidence for which no additional appeal was possible.

21.    With this final denial, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

22.    Plaintiff is entitled to these benefits under the plan since she has:

    A.    Satisfied all conditions to be eligible under the plan; and

    B.    Has not waived or otherwise relinquished his entitlement to these benefits.

23.    Prior to appealing all claim denials, Plaintiff's counsel set a request for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed.  This request was made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

24.    Prudential failed to produce the requested documentation.

**Requested Relief**

25.    Plaintiff requests that this court review the denial of benefits in this case and declare  that she is entitled to all benefits under the policy including payment of all back benefits with interest.

26.     Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

27.     Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of Prudential to produce the documents requested.

28.     Any such other relief  the Court may deem just and proper.

Respectfully submitted,


_____
Scott B. Elkind, Bar 43881
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sheryl Goodspeed | The Prudential Insurance Co. of America<br>Insight Enterprises, Inc.Long Term Disability Plan |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)** _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Scott B. Elkind
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
(301) 495-6665

ATTORNEYS (IF KNOWN)

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*      **OR**      ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
29 USC 1001, 502, 1132

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** benefits  Check YES only if demanded in complaint  **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 10/4/07  SIGNATURE OF ATTORNEY OF RECORD ~~~~~

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.