IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

---

SHERYL L. GOODSPEED

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, *et al.*

    Defendants.

Case No. 1:07-cv-01809 (RWR)

---

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants The Prudential Insurance Company Of America ("Prudential") and Insight Enterprises, Inc. Long Term Disability Plan ("Insight") (together "defendants"), through counsel, hereby answer the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

The numbered paragraphs of the Complaint are answered as follows:

1. Paragraph 1 of the Complaint sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, defendants deny that plaintiff is entitled to relief sought therein.

2. Paragraph 2 of the Complaint sets forth both allegations of jurisdiction and legal conclusions to which no response is required. To the extent that a response is required, the defendants admit only the existence of the statutory authority referred to in Paragraph 2 of the Complaint.

284129.1

3. Paragraph 3 of the Complaint sets forth allegations regarding venue, to which no response is required. To the extent a response is required, defendants admit only the existence of the statutory authority referred to in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth demands for relief to which no response is required. To the extent a response is required, defendants deny that plaintiff is entitled to the benefits, attorney's fees, costs and other damages sought.

Parties

5. Defendants lack sufficient information or knowledge to respond to the allegations in paragraph 5 of the Complaint and demand strict proof thereof.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

The Disability Contract

8. As phrased, defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants state that the subject disability plan speaks for itself with regard to the terms and conditions under which benefits may be available. As phrased, defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants state that the subject disability plan speaks for itself with regard to the terms and conditions under which benefits may be available. Defendants admit that the provisions cited in paragraph 10 are contained in the written plan materials.

Plaintiff's Disability Claim

11. Defendants lack sufficient information or knowledge to respond to the allegations in paragraph 11 of the Complaint and demand strict proof thereof.

284129.1

12. The allegations in paragraph 12 are vague and unclear, thus defendants lack sufficient information or knowledge to respond to the allegations and demand strict proof thereof.

13. Defendants admit that plaintiff, after an initial denial, was approved for certain disability benefits as alleged in paragraph 13 of the Complaint.

14. Defendants admit that plaintiff's benefits were terminated as of December 5, 2004, based on certain plan provisions and exclusions.

15. Defendants admit that plaintiff's counsel sent a letter dated March 4, 2005 to Prudential appealing the termination of benefits.

16. Defendants admit that Prudential upheld its decision to terminate plaintiff's benefits as alleged in paragraph 16 and further state that the reasons for that decision are as set forth in the May 20, 2005 letter referenced in paragraph 16, which speaks for itself.

17. Defendants admit that plaintiff again sought reconsideration of the decision to terminate her claim for benefits, but deny that it was pursuant to any "instruction" by Prudential as alleged in paragraph 17 of the Complaint.

18. Defendants admit that Prudential maintained its decision to terminate plaintiff's benefits as alleged in paragraph 18, and further state that the reasons for that decision are as set forth in the April 13, 2006 letter referenced in paragraph 18, which speaks for itself.

19. Defendants admit that plaintiff again sought reconsideration of the decision to terminate her claim for benefits, but deny that it was pursuant to any "instruction" by Prudential as alleged in paragraph 19 of the Complaint.

20. Defendants admit that Prudential maintained its decision to terminate plaintiff's benefits as alleged in paragraph 20 of the Complaint, and further state that the reasons for that

284129.1

decision are as set forth in the February 5, 2007 letter referenced in paragraph 20, which speaks for itself.

21. Defendants admit that plaintiff has exhausted her administrative appeals under the plan prior to filing suit.

22. Defendants deny the allegations in paragraph 21 of the Complaint.

23. Prudential admits that plaintiff's counsel requested that Prudential produce certain documents, but denies that plaintiff is entitled to such requested documents.

24. Prudential denies the allegations in paragraph 24 of the Complaint to the extent that it alleges that Prudential failed to produce documents as required under the ERISA statute.

## Requested Relief

25. Paragraph 25 of the Complaint does not set forth allegations against defendant to which a response is required. To the extent that a response is required, defendants deny that plaintiff is entitled to relief sought therein.

26. Paragraph 26 of the Complaint sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, defendants deny that plaintiff is entitled to relief sought therein.

27. Paragraph 27 of the Complaint sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, defendants deny that plaintiff is entitled to relief sought therein.

28. Paragraph 28 of the Complaint sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, defendants deny that plaintiff is entitled to relief sought therein.

Further answering the Complaint, the defendants deny each and every allegation in the Complaint not specifically admitted.

## THIRD DEFENSE

To the extent that plaintiff alleges state law based claims or seeks state law based relief, such claims and relief are preempted or otherwise barred by the provisions of the Employee Retirement Income Security Act of 1974.

## FOURTH DEFENSE

Plaintiff's claims are or may be barred by the provisions of the applicable employee welfare benefit plan or Group Insurance Contract.

## FIFTH DEFENSE

Prudential's determinations were in accordance with the discretion afforded by the employee benefit plan or Group Insurance Contract and were not arbitrary, capricious, or an abuse of discretion.

## SIXTH DEFENSE

Plaintiff's recovery, if any, is or may be subject to this defendant's entitlement to a set-off based on amounts already paid, overpaid, or expected to be paid to plaintiff, including but not limited to Social Security disability benefits that plaintiff may have received or continued to receive.

## SEVENTH DEFENSE

Defendants acted in good faith as to all matters and at all times relevant to this action.

## EIGHTH DEFENSE

Defendants assert that Plaintiff has or may have failed to mitigate her damages.

## NINTH DEFENSE

5

284129.1

Defendants reserve the right to assert that all claims made in this suit are or may be barred by the doctrines of waiver, laches, estoppel, unclean hands, and payment, and may be barred by the applicable statute of limitations.

### TENTH DEFENSE

Defendants assert that the Court lacks or may lack subject matter jurisdiction over the claims as pled, personal jurisdiction over the parties and assert that venue in this Court may be improper.

### ELEVENTH DEFENSE

Defendants assert that the claims set forth in the Complaint are or may be barred by the doctrines of contributory negligence or assumption of the risk.

### TWELFTH DEFENSE

Defendants hereby reserve the right to assert those defenses that may become known as a result of discovery or investigation of this matter.

### THIRTEENTH DEFENSE

Defendants assert that plaintiff's claims are or may be barred by the absence of privity.

### FOURTEENTH DEFENSE

Defendants assert that Plaintiff seeks or may seek relief that is unavailable under ERISA, which provides the exclusive remedies for claims relating to ERISA plans such as the plan at issue in this case.

**WHEREFORE**, Defendants, The Prudential Insurance Company Of America and Insight Enterprises, Inc. Long Term Disability Plan, having fully answered the Complaint, respectfully requests

    a.    That the Court dismiss the Complaint with prejudice as to all claims;

 b. That the Court award defendant the costs incurred as a result of this lawsuit including reasonable attorney's fees;

 c. That the Court award defendants such further relief as it deems just and proper.

       Respectfully submitted,

       **WILSON, ELSER, MOSKOWITZ,**
       **EDELMAN & DICKER LLP**

       _/s/ Laura N. Steel_
       Laura N. Steel, Bar No. 367174

       _/s/ David A. Seltzer_
       David A. Seltzer, Bar No. 437436
       1341 G Street, N.W., Suite 500
       Washington, D.C. 20005
       (202) 626-7660
       Fax (202) 628-3606

       _Counsel for Defendants_
       _The Prudential Insurance Company of America and Insight Enterprises, Inc. Long Term Disability Plan_

284129.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was filed and served electronically, this 3rd day of January 2008, to:

Scott B. Elkind, Esquire
Elkind & Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910


                              /s/*David A. Seltzer*
                              David A. Seltzer

284129.1