IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SHERYL GOODSPEED

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.

    Defendants.

Case No. 1:07cv1809 (RWR)

---

## JOINT INITIAL MEET AND CONFER REPORT

COME NOW all parties, by and through their respective counsel, and file this joint initial report as required by this Court's Case Management Order and, pursuant to F.R.C.P. 26(f) and LCvR 16.3(c), state as follows:

This case arises out of plaintiff's claim that she was wrongfully denied disability insurance benefits under a group plan offered by her employer, Direct Alliance Corporation, a former subsidiary of defendant Insight, and sponsored and underwritten by The Prudential Insurance Company of America ("Prudential"). Plaintiff's claimed disability arises out of arthritis, chronic pain syndrome, fibromyalgia and depression. She received disability benefits for a period of two years, after which time Prudential determined that she was no longer disabled according to the terms and conditions of the plan. At that time, her benefits were terminated. Plaintiff exhausted her internal administrative appeals within Prudential and filed the instant suit, under ERISA.

286748.1

**(1)    Whether the case is likely to be disposed of by dispositive motion**

The parties believe that it is likely that cross-motions for summary judgment are likely to resolve all issues since the case involves judicial review of an administrative determination made by Prudential pursuant to a health plan governed by ERISA. As such, the defendants take the position that the Court's review should be limited to the administrative record as it now exists, subject to an abuse of discretion standard.

**(2)    Joinder of Parties or Amendments to the Pleadings**

The parties believe that all parties have been joined and no party anticipates amending the pleadings.

**(3)    Whether the case should be assigned to a magistrate judge**

At this time, the parties do not consent to assignment of the case to a magistrate judge.

**(4)    Whether there is a realistic possibility of settling the case**

While the parties believe that is premature to determine the likelihood of settlement, it is expected that settlement discussions are likely to take place during the course of the litigation.

**(5)    Whether the case would benefit from ADR**

The parties are in the process of determining whether this case may be appropriate for mediation or other ADR and will advise the Court accordingly. In that regard, the defendants are undertaking further review and analysis of this claim to determine whether meaningful settlement discussions may take place at this juncture. The parties believe that ADR might be most beneficial after informal exchange or production of information, including the filing of the administrative record on behalf of Prudential.

**(6)    The schedule for dispositive motions**

The parties would propose the following schedule for filing dispositive motions:

- Dispositive motions to be filed by June 6, 2008.

- Oppositions to dispositive motions to be filed 30 days thereafter.

- Replies to any Opposition to be filed 20 days thereafter.

- The parties anticipate that one will first file a Motion, the other will then file an Opposition and Cross-Motion, followed by the first moving party's Reply, then a responsive final Reply.

### (7) The timing of Rule 26(a)(1) Initial Disclosures

In light of the nature of this ERISA case and the filing of the administrative record, the parties jointly agree to dispense with the initial disclosure requirements set forth in Rule 26(a)(1).

### (8) The anticipated extent of discovery

Because this dispute concerns the Court's review of an administrative determination made by Prudential pursuant to a health plan governed by ERISA, the parties do not anticipate any discovery.

### (9) Possible modification of Rule 26(a)(2)'s requirements

Because this dispute concerns the Court's review of an administrative determination made by Prudential pursuant to a health plan governed by ERISA, the parties do not anticipate Rule 26(a)(2) expert discovery.

### (10) Class Action Considerations

Not applicable.

### (11) Bifurcation

Not applicable.

### (12) Scheduling the pretrial conference

The parties suggest that a pretrial conference date be selected after the Court's rulings on anticipated cross-motions for summary judgment.

**(13)    Scheduling the trial date**

The parties request that a trial date be set at the time of the pretrial conference. As noted, however, it is likely that the case will be resolved on cross-motions for summary judgment and that a trial may not be necessary.

**(14)    Other matters**

None at this time.

                    Respectfully submitted,

                    **ELKIND & SHEA**

                    /s/*Scott B. Elkind*
                    Scott B. Elkind, Bar No. 438811
                    801 Roeder Rd., Suite 550
                    Silver Spring, MD 20910
                    (301) 495-6665
                    fax (301) 565-5111

                    *Counsel for Plaintiff*

                    **WILSON, ELSER, MOSKOWITZ,**
                    **EDELMAN & DICKER LLP**

                    /s/*Laura N. Steel*
                    Laura N. Steel, Bar No. 367174
                    David A. Seltzer, Bar No. 437436
                    1341 G Street, N.W., Suite 500
                    Washington, D.C.  20005
                    (202) 626-7660
                    fax (202) 628-3606

                    *Counsel for Defendants*

286748.1

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing Joint Initial Report was filed and served electronically this 25th day of January 2008 to:

  Scott B. Elkind, Esquire
  Elkind & Shea
  801 Roeder Rd., Suite 550
  Silver Spring, MD 20910

              /s/ *Laura N. Steel*
              Laura N. Steel

286748.1