## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERYL L. GOODSPEED, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIV. No. 07-CV-01809 (RWR)** |
| ) | |
| THE PRUDENTIAL INSURANCE COMPANY ) | |
| OF AMERICA, ET AL. ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO DETERMINE STANDARD OF REVIEW

The Defendants in this action, The Prudential Insurance Company of America ("Prudential") and Insight Enterprises, Inc. Long Term Disability Plan ("Insight Plan"), state as follows in response to Plaintiff Sheryl L. Goodspeed's Motion to Determine Standard of Review.

## I. INTRODUCTION

Prudential does not object to Plaintiff's request that this Court ascertain, as a threshold matter, the standard of review applicable to its review of Prudential's determination to terminate long term disability ("LTD") benefits to Plaintiff under the ERISA-governed plan sponsored by Insight Enterprises, Inc. ("Insight"). However, the appropriate standard of review here is deferential (i.e., arbitrary and capricious or abuse of discretion), not *de novo* as Plaintiff argues.

A deferential standard of review applies because the plan language at issue confers discretion upon Prudential to determine benefits thereunder, which is dispositive under Firestone Tire & Rubber Co. v. Bruch and its progeny. The plan Group Insurance Certificate (or "Booklet") regarding disability benefits expressly requires proof "satisfactory to Prudential," and

states that a beneficiary is disabled "when Prudential determines" that the requirements are met. A long line of cases supports the conclusion that this specific language confers discretion upon Prudential. While there are cases to the contrary, Prudential submits that the weight of authority, and the more persuasive authority, supports the conclusion that this language confers discretion.

Even if there were any uncertainty in this regard, here Insight's ERISA-required summary plan description ("SPD") also contains the even more explicit discretion-conferring statements that Prudential "has the sole discretion" to make benefits determinations, which "shall not be overturned unless arbitrary and capricious." Plaintiff's motion tackles this issue first, claiming that the SPD may not be "part of the plan," but this contention is bizarre, as the SPD is a *required* plan document under ERISA. Plaintiff's reliance on language in the Booklet to the effect that the "[SPD] is not part of the Group Insurance Certificate" also is a red herring, as that language merely differentiates between plan responsibilities under ERISA – namely, that Prudential provides and insures LTD benefits, as set forth in the Booklet, while Insight is the statutory "plan administrator" of the plan that is required by ERISA to provide the SPD. In other words, reliance on language merely specifying that the SPD is the responsibility of the administrator Insight rather than the insurer Prudential has no bearing on whether it is, in fact, a plan document – which of course it is, since ERISA requires it. Finally, to the extent Plaintiff is questioning whether *this specific* SPD is that which was utilized by Insight, Defendants have submitted herein affidavit evidence showing that it was. Thus this SPD provides further support that the plan confers discretion upon Prudential.

To be sure, Prudential is confident that its determination in this action will be sustained under even the most exacting standard of review. However, the plan language at issue here plainly requires that this Court exercise deference in reviewing Prudential's decision.

## II. **RELEVANT FACTUAL BACKGROUND**

Plaintiff was a participant in the employee welfare benefit plan sponsored and administered by Insight, and insured by Prudential. Prudential, by contract with Insight, also provided the benefits under the plan, and acted as claims administrator. These roles are set forth in the "Group Insurance Certificate" (hereafter the "Booklet") that was filed as part of the administrative record in this case, see Docket Nos. 7-8, and the relevant provisions of which are excerpted and attached hereto as Exhibit 1 (Bates Nos. PRU01753-PRU01803). This group policy Booklet describes the terms and conditions of the short term disability ("STD") and long term disability ("LTD") benefits available under the Prudential-insured plan. This Booklet provides an effective Program Date of September 1, 2002, applicable here at the time Plaintiff alleges she became disabled and applied for benefits. See Complaint at ¶¶ 12-13.[1]

Regarding the standard of review in this case, the group policy Booklet provides in relevant part:

> You are disabled <u>when Prudential determines</u> that:
>
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
>
> - you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.
>
> After 24 months of payments, you are disabled <u>when Prudential determines</u> that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training, or experience.

See Exhibit 1 (PRU 1774 (underlined emphasis added)). The Booklet further states that Prudential "may request that you send proof of continuing disability, <u>satisfactory to Prudential</u>, indicating that you are under the regular care of a doctor." (PRU 1787 (emphasis added)).

The Booklet was drafted by Prudential and then provided to Insight. See Exhibit 2 (Declaration of Randi D. Jones). Pages 44-49 of the Booklet, included at the employer's request as indicated on page 43, consist of a "Summary Plan Description," or "SPD", which sets forth certain disclosures required by ERISA pursuant to 29 U.S.C. § 1022. See Exhibit 1 (PRU01796-PRU01802). The SPD includes a statement on page 45 that Prudential "has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the claims administrator shall not be overturned unless arbitrary and capricious." See Exhibit 1 (PRU01798) (the "ERISA Statement").

This Booket, including the SPD, was provided by Prudential to Insight for the relevant plan year in 2002. See Exhibit 2 (Declaration of Randi D. Jones). Though no Insight employees worked in the employee benefits area in 2002, current Insight benefits personnel has confirmed, based on available information, that this SPD was utilized by Insight for its eligible employees at that time. See Exhibit 3 (Declaration of Christine Kusch).

## III. ARGUMENT

A deferential standard of review of Prudential's eligibility determination applies in this case. The plain language of the group policy, as set forth in the Booklet, expressly grants Prudential the discretion to make determinations regarding the eligibility of a plan participant for LTD benefits. This Court need not even reach the deferential language of the SPD to reach this conclusion – though in fact, the language of the SPD, adopted by Insight, is part of the plan (despite Plaintiff's protestations to the contrary), and properly may be consulted by this Court to further reinforce the conclusion that the plan is designed to confer discretion upon Prudential.

---

[1] Prudential no longer insures Insight's plan. The parties' contract lapsed in 1994.

A.    Even Apart from the SPD, the Language In The Group Policy Booklet Grants Prudential The Discretion To Make Determinations Regarding Plaintiff's Eligibility For Benefits.

The standards for judicial review of a claim for benefits under ERISA are set forth in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) and its progeny. Specifically, review is *de novo* except where the plan documents confer discretion upon the administrator to render a benefits determination. In this situation, review is conducted under a deferential standard. See, e.g., Brubaker v. Metro. Life Ins. Co., 375 U.S. App. D.C. 494 ,482 F.3d 586, 589 (D.C. Cir. 2007). As stated by the D.C. Circuit: "If the administrator/fiduciary has discretion, the Firestone Court has described the standard of review as 'abuse of discretion' and 'arbitrary and capricious.' We have described the standard as one of 'reasonableness.'" Moore v. CapitalCare, Inc., 373 U.S. App. D.C. 188, 461 F.3d 1, 11 (D.C. Cir. 2006) (citations omitted).

Regardless of the ERISA Statement in the SPD, the group policy Booklet, as quoted in above, provides that a claimant is disabled "when Prudential determines" that the claimant is disabled. See Exhibit 1 (PRU 1774). This standard applies during both the initial twenty-four month period of disability, "when Prudential determines" disability based on the claimant's ability to perform his or her regular occupation, and after the first twenty-four months, "when Prudential determines" disability based on the "any gainful occupation" standard. Id. Furthermore, the group policy Booklet also provides that a claimant's proof that he or she is disabled must be "satisfactory to Prudential." See Exhibit 1 (PRU 1787).

The "when Prudential determines" language "must be considered a grant of discretion to Prudential" because that language, "indicate[s] a clear intention to delegate final authority to determine eligibility to the plan administrator." Woods v. Prudential Ins. Co., No. 4:06cv148, 2007 U.S. Dist. LEXIS 41273, *18-19 (E.D. Va. June 6, 2007) (quoting Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000)). While Plaintiff heavily relies on Fourth Circuit

precedent in the absence of District of Columbia Circuit law on point, the Fourth Circuit has found the "when Prudential determines" language, as well as very similar language, to convey discretion to an insurer. Formica v. Prudential Ins. Co., 162 Fed. Appx. 250, 251 (4th Cir. 2006) (unpublished) (holding that the district court properly applied a modified abuse of discretion standard where the policy at issue contained the "when Prudential determines" language and the parties conceded that Prudential had discretion); Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995) (holding that language stating that benefits would be paid "only *if CapitalCare determines* that certain conditions are met" granted discretion to the insurer to make eligibility determinations) (emphasis in original).

Indeed, a case heavily relied upon by Plaintiff, Neumann v. Prudential Ins. Co., 367 F. Supp. 2d 969, 974 (E.D. Va. 2005), which concluded that a *de novo* standard of review should apply in spite of the "when Prudential determines" language, is an anomaly within the Eastern District of Virginia. See Woods, 2007 U.S. Dist. LEXIS 41273 at *19 n.1 (applying Bernstein and explicitly rejecting the Neumann analysis); see also Chisholm v. KPMG Long Term Disability Plan, No. 03-1531, slip op. at 6, 2004 U.S. Dist. LEXIS 30577 (E.D. Va. Oct. 6, 2004) (finding that the language at issue here "confers upon Prudential the discretionary authority to render eligibility determinations"); Heim v. Prudential Ins. Co., No. 1:05cv282, 2006 U.S. Dist. LEXIS 10289, at *23-24 (E.D. Va. Feb. 16, 2006) (same). Numerous other cases within the Fourth Circuit also reject the conclusion in Neumann, determining that language identical to that in Plaintiff's group policy grants Prudential the discretion to make eligibility determinations. See Dennis v. Prudential Ins. Co. Dis. Mgmt., No. 2:04-0784, 2006 U.S. Dist. LEXIS 6962, *7 (S.D. W. Va. Feb. 1, 2006); Eubanks v. Prudential Ins. Co., 336 F. Supp. 2d 521, 528 (M.D.N.C. 2004); Machovec v. Prudential Ins. Co., No. CCB-03-1920, 2004 U.S. Dist. LEXIS 12496, *11-

12 (D. Md. June 28, 2004); Beam v. Prudential Ins. Co., No. 1:02CV01046, 2004 U.S. Dist. LEXIS 4188, *8-9 (M.D.N.C. Mar. 5, 2004).

Prudential's position that this language grants it discretion also has substantial support beyond the Fourth Circuit. For example, in Noland v. Prudential Ins. Co., 187 Fed. Appx. 447, 452 (6th Cir. 2006) (unpublished), the Sixth Circuit had little difficulty concluding that the "when Prudential determines . . ." language "reserves discretionary authority to Prudential." Many courts throughout the United States have reached the same conclusion. See, e.g., Shapiro v. Prudential Ins. Co., 86 Fed. Appx. 493, 494-95 (3d Cir. 2004) (unpublished) (applying a "heightened arbitrary and capricious standard" of review to Prudential's eligibility determination); Roach v. Prudential Ins. Brokerage, Inc., 62 Fed. Appx. 294, 296, 299 (10th Cir. 2003) (unpublished) (affirming district court's application of arbitrary and capricious standard where the parties did not dispute the trial court's ruling); Herin v. Prudential Ins. Co., No. 3:06-CV-419, 2008 U.S. Dist. LEXIS 7279, *4-5 (E.D. Tenn. Jan. 31, 2008); Weiss v. Prudential Ins. Co., 497 F. Supp. 2d 606, 610 (D.N.J. 2007); Digiacomo v. Prudential Ins. Co., 501 F. Supp. 2d 626, 633 (D.N.J. 2007); Gibson v. Prudential Ins. Co., 513 F. Supp. 2d 950, 957 (E.D. Tenn. 2007); Mazaheri v. Prudential Ins. Co., NO. 06-cv-00309, 2007 U.S. Dist. LEXIS 93024, *12-22 (E.D. Penn. Dec. 17, 2007); Bell v. Prudential Ins. Co., No. 05-0779, 2007 U.S. Dist. LEXIS 22020, *15 (W.D. La. Feb. 12, 2007); King v. Prudential Ins. Co., No. 05-220-DLB, 2007 U.S. Dist. LEXIS 4203 (E.D. Ky. Jan. 19, 2007); Goletz v. Prudential Ins. Co., 425 F. Supp. 2d 540, 550-53 (D. Del. 2006); Sparkman v. Prudential Ins. Co., 427 F. Supp. 2d 1117, 1121-23) (D. Utah 2006); McBride v. CenturyTel of Mt. Home, Inc., No. 04-3019, 2006 U.S. Dist. LEXIS 67973, *3 (W.D. Ark. Sept. 21, 2006); Chao v. Prudential Fin., No. 2:04-CV-1047 BSJ, 2006 U.S. Dist. LEXIS 53910, *19-22 (D. Utah Aug. 2, 2006); Landheim v. Prudential Ins. Co., No.

2:04CV761DAK, 2006 U.S. Dist. LEXIS 20884, *12 (D. Utah Apr. 11, 2006); Craft v. Prudential Ins. Co., No. C2-CV-03-1007, 2006 U.S. Dist. LEXIS 11092, *19-20 (S.D. Ohio Feb. 28, 2006); Berger v. Prudential Ins. Co., No. 04-5205, 2006 U.S. Dist. LEXIS 4755, *14-15 (E.D. Penn. Feb. 7, 2006); White v. Prudential Ins. Co., 354 F. Supp. 2d 1008, 1017 (S.D. Iowa 2005); Stith v. Prudential Ins. Co., 356 F. Supp. 2d 431, 434-35 (D.N.J. 2005); Green v. Prudential Ins. Co., 383 F. Supp. 2d 980, 990-91 (M.D. Tenn. 2005); Green v. Prudential Ins. Co., No. 04-3101, 2005 U.S. Dist. LEXIS 17690, *15-16 (E.D. La. Aug. 5, 2005); Cuevas v. Prudential Ins. Co., No. 1:03CV901LG-RHW, 2005 U.S. Dist. LEXIS 15769, *14-16 (S.D. Miss. Mar. 26, 2005); Gigante v. Prudential Ins. Co., No. 04-0780, 2005 U.S. Dist. LEXIS 36568, *18-20 (E.D. Penn. Mar. 22, 2005); Scott v. Prudential Ins. Co., No. 4:03-CV-138, 2005 U.S. Dist. LEXIS 1251, *10-11 (W.D. Mich. Jan. 24, 2005); Newport v. Prudential Ins. Co., No. 03-73530, 2004 U.S. Dist. LEXIS 14104, *10 (E.D. Mich. July 21, 2004); Lyles v. Prudential Ins. Co., No. 4:03-CV-766 CEJ, 2004 U.S. Dist. LEXIS 11003, *4-5 (E.D. Mo. June 14, 2004); Adams v. Prudential Ins. Co., 280 F. Supp. 2d 731, 736 (N.D. Ohio 2003); Chapman v. Prudential Life Ins. Co., 267 F. Supp. 2d 569, 577 (E.D. La. 2003); Mitchell v. Prudential Health Care Plan, No. 01-331 GMS, 2002 U.S. Dist. LEXIS 10567, *23 (D. Del. June 10, 2002).

With no D.C. Circuit authority on point, Plaintiff relies on Judge Robertson's recent decision in Doley v. Prudential Ins. Co., No. 05-0277 (JR), 2008 U.S. Dist. LEXIS 5054 (D.D.C. Jan. 8, 2008), in which the Court applied a *de novo* review to Prudential policy language. The instant case is distinguishable, in light of the SPD language containing the ERISA Statement that appears to have been utilized by Insight in this instance, as set forth in Part III.B, infra. However, rather than proceeding immediately to that conclusion, Prudential respectfully submits that this Court should follow the aforementioned line of precedent holding that Prudential's

policy language set forth in the Booklet confers discretion, and that <u>Doley</u> was wrongly decided in holding to the contrary.

There are several flaws in the analysis in <u>Doley</u>. First, the Court used the alleged absence of an ERISA Statement from the materials received by the plaintiff as evidence that the "when Prudential determines" language in the group policy was insufficient to convey discretion. <u>Id.</u> at *6-8 ("[t]he unusual facts surrounding the ERISA statement make this case unique . . . and I find them to be determinative"). Even assuming *arguendo* that Judge Robertson's conclusions regarding the inapplicability of the ERISA Statement in <u>Doley</u> were correct, to the extent that Judge Robertson engaged in a comparison of the ERISA Statement to the group policy language, such an analysis was an improper use of extrinsic evidence in interpreting the plain language of the group policy. <u>See</u> <u>Brubaker</u>, 482 F.3d at 590 ("Where the terms of a contract are clear, that is the end of the matter; we need not look to extrinsic evidence or the parties' subsequent practice.") (citing <u>Consolidated Gas Transmission Corp. v. FERC</u>, 771 F.2d 1536, 1544 (D.C. Cir. 1985) ("If a contract is not ambiguous, extrinsic evidence cannot be used as an aid to interpretation.")). Second, to the extent that <u>Doley</u> analyzes the "when Prudential determines" language independent of the ERISA Statement, that analysis is not based on any binding precedent in this jurisdiction. In fact, it is based largely on the <u>Neumann</u> decision from the Eastern District of Virginia that, as discussed above, has been squarely rejected within the Eastern District and by the Fourth Circuit. <u>See</u> *supra*, 4-5. Finally, as Judge Robertson himself acknowledged, "The Court of Appeals has stressed that the <u>Firestone</u> standard is disjunctive, so that language conferring the authority to determine claim eligibility is sufficient to trigger deferential review even without language expressly granting the authority to construe vague terms in the insurance plan." <u>Id.</u> at *5 (citing <u>Block v. Pitney Bowes Inc.</u>, 952 F.2d 1450, 1453

n.4 (D.C. Cir. 1992)). Judge Robertson further recognized that "no 'magic words' are required to satisfy the <u>Firestone</u> standard, and the language the Court of Appeals has found sufficient to trigger deferential review (albeit in a footnote of dicta) is not particularly demanding." <u>Id.</u> at *5-6 (internal citation omitted). Judge Robertson's ultimate conclusion is inconsistent with these standards set forth by the D.C. Circuit. Consequently, the <u>Doley</u> ruling is erroneous.

Accordingly, under <u>Firestone</u>, Prudential has discretion to interpret the terms of the plan and make coverage determinations, compelling application of a deferential arbitrary and capricious and/or abuse of discretion (referred to in this Circuit as "reasonableness") standard.[2]

B.    <u>The ERISA Statement in the SPD Compels The Same Conclusion.</u>

The aforementioned language in the Booklet is more than ample to confer discretion upon Prudential without even consulting the SPD. <u>See, e.g.</u>, <u>Tocker v. Philip Morris Co.</u>, 470 F.3d 481, 489 (2d Cir. 2006) ("The arbitrary and capricious standard of review is warranted where the plan documents provide for discretionary authority [and] the summary plan description does not contain any conflicting language . . . ."). Here, however, the SPD not only does not conflict with the initial language in the Booklet, it strongly reinforces it – and, as such, provides powerful reinforcement for the conclusion that the plan is intended to confer discretion. As indicated, the ERISA Statement in that SPD confers "sole discretion" upon Prudential to determine benefits, and provides that the arbitrary and capricious standard applies. <u>See</u> Exhibit 1 (PRU01787).

---

[2] To be sure, in certain circumstances, this deference may be offset somewhat by any conflict of interest "plausibly raised" on the part of the decision maker. <u>See, e.g.</u>, <u>Rush Prudential HMO, Inc. v. Moran</u>, 536 U.S. 355, 384 n.15 (2002). Here, Prudential does both administer and pay the claims, but Plaintiff presents no evidence of any actual conflict on the part of Prudential. In any event, even if a conflict were found, "in no case does the court deviate from the abuse of discretion standard." <u>Ellis v. Metropolitan Life Ins. Co.</u>, 126 F.3d 228, 233 (4th Cir. 1997); cf. MetLife v. Glenn, 168 L. Ed. 2d. (2008) (granting certiorari on the following question: "If an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination?").

Plaintiff makes much of the fact that the SPD is "excluded" from the insurance documents. This, however, is a red herring. Whether part of the Group Insurance Certificate or not, the SPD was part of the overall group policy – and, moreover, the SPD is a plan document, and evidence accompanying this memorandum reflects its utilization by Insight.

By way of further explanation, the SPD sets forth certain disclosures required by ERISA pursuant to 29 U.S.C. § 1022. See Exhibit 1 (PRU01797-PRU01802). The SPD is required to be furnished by the "plan administrator," 29 U.S.C. § 1021(a); 29 U.S.C. § 1024(b), and the "plan administrator" – a term of art under ERISA – is the "plan sponsor" (which in turn is defined as the employer, here Insight) unless the plan indicates otherwise. 29 U.S.C. § 1002(16); see also Exhibit 1 at p. 44 (PRU01797). This is different from the "claims administrator" role held by Prudential. To clarify these respective roles (and, perhaps, to establish that Prudential does not assume the statutory burdens of the "administrator", despite having drafted the SPD), the Booklet includes the following disclaimer immediately preceding the SPD (on page 43): "The Summary Plan Description is not part of the Group Insurance Certificate. It has been provided by your Employer and included in your Booklet-Certificate upon the Employer's request." See Exhibit 1 (PRU01796).

Because the SPD is the responsibility of the employer/sponsor/plan administrator (Insight), conceivably Insight could use a different SPD if it so desired. However, as set forth in the accompanying Declaration of Randi D. Jones, it is clear that the Booklet provided by Prudential to Insight in connection with the group policy Booklet did include this SPD, containing this specific ERISA Statement. See Exhibit 2 (Exhibit A thereto). Moreover, evidence also accompanies this Memorandum to the effect that specific SPD was actually utilized by Insight. See Exhibit 3 (Declaration of Christine Kusch). Therefore, to the extent that

Plaintiff seeks to rely on <u>Doley</u>, and the judge's finding of a lack of evidence as to whether the ERISA Statement in that case was part of the plan, here there is no dispute that it was in fact provided to Insight and utilized by Insight as its SPD in connection with disability benefits.[3]

In fact, the SPD is required under ERISA. <u>See</u> 29 U.S.C. § 1022(a) ("A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024 (b) of this title.") The regulations affecting ERISA provide that the SPD must contain a "statement of ERISA rights described in section 104(c) of the Act." 29 C.F.R. § 2520.102-3(t)(1). Furthermore, the SPD is designed to condense insurance contracts, which can often be dense and written with legal terminology, into a shorter, more explicit document that a layperson can understand. An SPD must be "written in a manner calculated to be understood by the average plan participant, and . . . sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." <u>Haus v. Bechtel Jacobs Co., LLC</u>, 491 F.3d 557, 565 (6th Cir. 2007) (quoting 29 U.S.C. § 1022(a)). Far from "hiding the ball," as Plaintiff suggests, Prudential provided Insight with the proposed SPD in compliance with the ERISA statute and its regulations. The ERISA Statement contained in the SPD is merely a restatement of the discretion that numerous courts have found in the group policy Booklet language at issue.

---

[3] Plaintiff contends that she "did not receive an original, bound copy of the Prudential Plan." Plaintiff's Br. at 4. However, this assertion is of no moment, both because it is unsupported by affidavit, and because Plaintiff does not contend that plan documents were unavailable for her inspection while she was employed at Insight's affiliate. <u>See</u> <u>Barrs v. Lockheed Martin Corp.</u>, 287 F.3d 202, 207-08 (1st Cir. 2002) (absent promise or misrepresentation, a plan administrator is not responsible for notice to individual plan participants beyond the obligations set forth in ERISA); <u>Cummings v. Briggs & Stratton Retirement Plan</u>, 797 F.2d 383, 387 (7th Cir. 1986) (where the plan administrator had complied with all statutory and regulatory requirements, it was under no further obligation to see to the individual participants' knowledge of the plan's terms); <u>Shealy v. UNUM Life Insurance Company</u>, 979 F. Supp. 395, 400-01 (D.S.C. 1997) (plaintiff lack of knowledge of plan documents was not a sufficient defense to the applicable statute of limitations).

Moreover, an SPD is a part of the ERISA plan documents as a matter of law, regardless of Prudential's statement that the SPD is not a part of the Group Insurance Certificate itself. See, e.g., Baxter v. Briar Cliff College Group Ins. Plan, 409 F. Supp. 2d 1108, 1124 (N.D. Iowa 2006) (finding that a grant of discretion in a SPD was sufficient to compel application of the abuse of discretion standard) (citing Jensen v. SIPCO, Inc., 38 F.3d 945, 949 (8th Cir. 1994) ("Summary Plan descriptions are part of the ERISA plan documents.")); Miller v. Nortel Networks Long Term Disability Plan, No. 03-258-PB, 2005 U.S. Dist. LEXIS 1161, *29 (D.N.H. Jan. 25, 2005) (SPD was a part of the plan documents and its inclusion of discretionary language was sufficient to confer discretionary authority on the plan administrator). Because the SPD is part of the plan documents, its grant of discretion would be controlling.

Further, because the plain language of the group plan grants Prudential discretion, Plaintiff's *contra preferentum* argument is inapposite. However, even if the Court finds that the "when Prudential determines" language is not an explicit grant of discretion, the ERISA Statement in the SPD dooms Plaintiff's reliance on the doctrine to failure whether or not the proposed SPD was formally approved by Insight. The plan documents are consonant, and the Court should construe the language in the Booklet as being internally consistent. As such, under any analysis, a deferential, discretionary standard of review applies in this case.

C.    Discovery Is Unnecessary and Unwarranted In This Case.

It has been suggested by Plaintiff may be available if a de novo standard applies. In fact, even if the court finds that a *de novo* standard of review applies in this case, discovery is still inappropriate. See, e.g., Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993) ("to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators, the district court should not exercise [its discretion to

allow evidence in addition to that presented to the fiduciary] absent good cause to do so");

Quesinberry v. Life Ins. Co. of North Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (a district court should only open the record in an ERISA case beyond what was available to the plan administrator "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision"). Thus, to the extent that Plaintiff seeks to raise the standard of review issue at this earlier stage as a mechanism to take discovery in this action, rather than the Court deciding the case on the administrative record as is proper, Plaintiff is mistaken.

## CONCLUSION

For the reasons set forth above, Prudential respectfully requests that the Court order that Plaintiff's claims be reviewed under a deferential standard, with due respect to the findings and conclusions of the insurer.

Respectfully Submitted,

DRINKER BIDDLE & REATH LLP


By: */s/ Brian A. Coleman*
    Brian A. Coleman (#459201)
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005
    Phone: (202) 842-8800
    Facsimile: (202) 842-8465

Dated: March 20, 2008        *Attorneys for The Prudential Insurance*
                              *Company of America*

# Insight Enterprises, Inc.

## *Employees of Insight Enterprises, Inc., Direct Alliance Corporation, and Comark*

**Short Term Disability Coverage**
**Long Term Disability Coverage**



PRU01753

# Benefit Highlights

## SHORT TERM DISABILITY PLAN

This short term disability plan provides financial protection by paying a portion of your income while you are disabled. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | September 1, 2002 |
| **Contract Holder:** | INSIGHT ENTERPRISES, INC. |
| **Group Contract Number:** | G-93174-AZ |
| **Covered Classes:** | All Full-time Employees who work a minimum of 40 hours per week. |
| **Minimum Hours Requirement:** | Employees must be working at least 40 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period. |
| **Elimination Period:** | 7 days for disability due to accident; 7 days for disability due to sickness. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Weekly Benefit:** | 60% of your weekly earnings, but not more than $1,500.00. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered under this plan. |
| **Maximum Period of Benefits:** | 12 weeks of benefits. |
| | Contributions are required for your coverage while you are receiving payments under this plan. |
| **Cost of Coverage:** | The short term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll. |

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

83500
CBH-STD-1001

(93174-9)

PRU01754

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | September 1, 2002 |
| **Contract Holder:** | INSIGHT ENTERPRISES, INC. |
| **Group Contract Number:** | G-93174-AZ |
| **Covered Classes:** | All Full-time Employees who work a minimum of 40 hours per week. |
| **Minimum Hours Requirement:** | Employees must be working at least 40 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period. |
| **Elimination Period:** | The shorter of 90 days and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | 60% of your monthly earnings, but not more than $10,000.00. |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage. |

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

83500
CBH-LTD-1001

(93174-9)

PRU01755

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:**     The long term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage.  For a full description please read this entire Group Insurance Certificate.**

# Table of Contents

BENEFIT HIGHLIGHTS - SHORT TERM DISABILITY PLAN ..................................................... 1

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ..................................................... 2

CERTIFICATE OF COVERAGE ..................................................................................................... 5

GENERAL PROVISIONS ................................................................................................................ 6

SHORT TERM DISABILITY COVERAGE - GENERAL INFORMATION ....................................... 10

SHORT TERM DISABILITY COVERAGE - BENEFIT INFORMATION ......................................... 11

SHORT TERM DISABILITY - CLAIM INFORMATION ................................................................... 17

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION .......................................... 20

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ........................................... 21

LONG TERM DISABILITY - OTHER BENEFITS ........................................................................... 33

LONG TERM DISABILITY - CLAIM INFORMATION ..................................................................... 34

LONG TERM DISABILITY - OTHER SERVICES ........................................................................... 37

LONG TERM DISABILITY - OTHER SERVICES ........................................................................... 38

GLOSSARY .................................................................................................................................... 39

SUMMARY PLAN DESCRIPTION ................................................................................................. 43

83500
CTC-1001                                                                (93174-9)

4

PRU01757

The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured.  You will want to read this certificate and keep it in a safe place.

Prudential has written this certificate in booklet format to be understandable to you.  If you should have any questions about the content or provisions, please consult Prudential's claims paying office.  Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

## Prudential's Address

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

## Customer Service Office

The Prudential Insurance Company of America
Disability Management Services Claim Division
P.O. Box 13480
Philadelphia, Pennsylvania 19101
1-800-842-1718

83500
CERT-1014

5

(S-2)

PRU01758

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;

- to whom Prudential will make a payment; and

- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We, us, and our* means The Prudential Insurance Company of America.

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and

- the day after you complete your *employment waiting period*.

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you apply for insurance on or before that date;

83500
CGP-1001

6

(S-2) (93174-9)

PRU01759

- the date you apply for insurance, if you apply within 31 days after your eligibility date; or

- the date Prudential approves your application, if **evidence of insurability** is required.

Evidence of insurability is required if you:

- are a late applicant, which means you apply for coverage more than 31 days after the date you are eligible for coverage; or

- voluntarily canceled your coverage and are reapplying; or

- apply after any of your coverage ended because you did not pay a required contribution; or

- have not met a previous evidence requirement to become insured under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

**Active employment** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation.  You must be working at least 40 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

**Evidence of insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage.  Evidence of insurability will be provided at your own expense.

## What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

## Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary **layoff**, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

PRU01760

If you are on a *leave of absence*, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins.

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer.

If you are working less than 40 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

*Layoff or leave of absence* means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change, if you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increased or additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a *payable claim* that occurs prior to the increase or decrease.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;

- the date you are no longer a member of the covered classes;

- the date your covered class is no longer covered;

- the last day of the period for which you made any required contributions;

- the last day you are in active employment except as provided under the temporary absence from work provisions; or

- the date you are no longer in active employment due to a disability that is not covered under the plan.

83500
CGP-1001

(S-2) (93174-9)

PRU01761

## Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Short and Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

83500
CGP-1001

(S-2) (93174-9)

PRU01762

# Short Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Full-time Employees who work a minimum of 40 hours per week.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 40 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you. Your Employer will inform you of the amount of your contribution when you enroll.

# Short Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in weekly earnings due to the same sickness or injury.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

### How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 5 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period for disability due to an accident which begins while you are covered is 7 days; your elimination period for disability due to a sickness which begins while you are covered is 7 days.

83500
CBI-STD-1015 (as modified by GRP 99545-2)                                    (93174-9)

11

PRU01764

---

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

---

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment weekly for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *weekly payment*.

1.  Multiply your weekly earnings by 60%. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00.

2.  The maximum *weekly benefit* is $1,500.00.

3.  Compare the answer in item 1 with the maximum weekly benefit. The lesser of these two amounts is your *gross disability payment*.

4.  Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your weekly payment.

After the elimination period, if you are disabled for less than 1 week, we will send you 1/5 of your payment for each day of disability.

---

*Weekly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Weekly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

---

## What Are Your Weekly Earnings?

Weekly earnings means your gross weekly income from your Employer in effect just prior to your date of disability. Weekly earnings includes the average commissions and bonuses earned per week during the shorter of: (i) the 12 month period just prior to your date of disability; or (ii) your period of employment. Weekly earnings does not include income received from overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Weekly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your weekly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the weekly payment if you are disabled and your weekly *disability earnings*, if any, are less than 20% of your weekly earnings.

If you are disabled and your weekly disability earnings are from 20% through 80% of your weekly earnings, you will receive payments based on the percentage of income you are losing due to your disability. We will follow this process to figure out your weekly payment:

1. Subtract your disability earnings from your weekly earnings.

2. Divide the answer in item 1 by your weekly earnings. This is your percentage of lost earnings.

3. Multiply your weekly payment as shown above by the answer in item 2.

This is the amount Prudential will pay you for each week.

Prudential may require you to send proof of your disability earnings each week. We will adjust your weekly payment based on your disability earnings. As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to the greatest extent possible. This would be the greatest extent of work, based on your restrictions and limitations, that you are able to do in your regular occupation, that is reasonably available. Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from week to week, Prudential may average your disability earnings over the most recent 3 weeks to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if the average of your disability earnings from the last 3 weeks exceeds 80% of weekly earnings.

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings.

PRU01766

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the amount that you receive or are entitled to receive as loss of time disability income payments under any state compulsory benefit *act* or *law*.

*Law or act* means the original enactment of the law or act and all amendments.

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum weekly payment is $25.00.

Prudential may apply this amount toward an outstanding overpayment.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount if you:

- apply for the benefits;

- appeal any denial to all administrative levels Prudential feels are necessary; and

- sign Prudential's Reimbursement Agreement form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or

- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment weekly up to the *maximum period of payment*. Your maximum period of payment is 12 weeks during a continuous period of disability.

We will stop sending you payments and your claim will end on the earliest of the following:

1.  When you are able to work in your regular occupation on a *part-time basis* but you choose not to.

2.  The end of the maximum period of payment.

3.  The date you are no longer disabled under the terms of the plan.

PRU01767

4.  The date you fail to submit proof of continuing disability satisfactory to Prudential.

5.  The date your disability earnings exceed the amount allowable under the plan.

6.  The date you die.

**Maximum period of payment** means the longest period of time Prudential will make payments to you for any one period of disability.

**Part-time basis** means the ability to work and earn between 20% and 80% of your weekly earnings.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

*   intentionally self-inflicted injuries;

*   active participation in a riot;

*   commission of a crime for which you have been convicted under state or federal law; or

*   **occupational sickness or injury.** However, Prudential will cover disabilities due to occupational sicknesses or injuries for partners or sole proprietors who cannot be covered by workers' compensation law.

Your plan does not cover a disability which:

*   begins within 12 months of the date your coverage under the plan becomes effective; and

*   is due to a pre-existing condition.*

*This pre-existing condition exclusion does not apply to those Employees who: (a) were hired prior to August 1, 2000, and (b) elected the plan with an effective date of August 1, 2000.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

**Occupational sickness or injury** means an injury arising out of, or in the course of, any work for wage or profit regardless of employer, or a sickness covered, with respect to such work, by any workers' compensation law, occupational disease law or similar law.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1.  You received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendation in the 3 months months just prior to your effective date of coverage; or

2.  You had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months months just prior to your effective date of coverage.

GRP 99545-2

PRU01768

## What Happens If You Return to Work Full Time and You Become Disabled Again?

1. If your current disability is related or due to the same cause(s) as your prior disability for which Prudential made a payment:

   Prudential will treat your current disability as part of your prior claim and you will not have to complete another elimination period if you return to active employment for your Employer on a full time basis for 30 consecutive days or less. Your disability will be subject to the same terms of the plan as your prior claim.

2. If your current disability is unrelated to your prior disability for which Prudential made a payment:

   Prudential will treat your current disability as a new claim and you will have to complete another elimination period. Your disability will be subject to all of the plan provisions.

   If you become covered under any other group short term disability plan, you will not be eligible for payments under the Prudential plan.

## How Can Prudential Help You and Your Employer Prevent a Disability or Help You Return to Work?

Prudential has rehabilitation services available. As these services are designed to coordinate with your long term disability coverage, please see the Other Services section in your long term disability plan.

# Short Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner.  Written notice of a claim should be sent within 30 days after the date your disability begins.  However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends.  If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us.  If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor.  Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1.  That you are under the *regular care* of a *doctor*.

2.  The appropriate documentation of your weekly earnings.

3.  The date your disability began.

4.  Appropriate documentation of the disabling disorder.

5.  The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation.

6.  The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7.  The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor.  This proof, provided at your expense, must be received within 30 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

83500
CCLM-STD-1001

(S-1)

PRU01771

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

PRU01772

# Long Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Full-time Employees who work a minimum of 40 hours per week.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 40 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage.  The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you.  Your Employer will inform you of the amount of your contribution when you enroll.

83500
CGI-LTD-1001

20

(S-2) (93174-9)

PRU01773

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

PRU01774

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is the shorter of 90 days and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*.

1.  Multiply your monthly earnings by 60%.

2.  The maximum *monthly benefit* is $10,000.00.

3.  Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4.  Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                          (93174-9)

PRU01775

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

Monthly earnings means your gross monthly income from your Employer in effect just prior to your date of disability. Monthly earnings includes the average commissions and bonuses earned per month during the shorter of: (i) the 12 month period just prior to your date of disability; or (ii) your period of employment. Monthly earnings does not include income received from overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly *disability earnings*, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1.    Add your monthly disability earnings to your gross disability payment.

2.    Compare the answer in item 1 to your indexed monthly earnings.

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1.    Subtract your disability earnings from your indexed monthly earnings.

2.    Divide the answer in item 1 by your indexed monthly earnings.  This is your percentage of lost earnings.

3.    Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

During the first 24 months of disability payments, if your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Beyond 24 months of disability payments, if your monthly disability earnings exceed 60% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

***Disability earnings*** means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible.  This would be, based on your restrictions and limitations:

-    During the first 24 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

-    Beyond 24 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## Will Your Payment Be Adjusted by a Cost of Living Increase?

Prudential will make a cost of living adjustment (COLA) on July 1 if you are disabled and not working on that date and have been disabled for all of the 12 months before that date.

Your payments will increase on that date by the lesser of 50% of the current annual increase in the Consumer Price Index or 6%.  You will not receive more than 5 cost of living adjustments while you continue to receive payments for your disability.

PRU01777

Each month Prudential will add the cost of living adjustment to your monthly payment. When Prudential adds the adjustment to your payment, the increase may cause your payment to exceed the maximum monthly benefit.

---

***Cost of Living Example:***

Your Monthly Payment = $1200
Annual Increase in the Consumer Price Index = 2%
Cost of Living Adjustment % (COLA%) = 1%

| July 1 following 12 or more months of Disability Payments | Your monthly payment x (100% + COLA%) | =New Payment |
|---|---|---|
| 1st | $1200 x (100% + 1%) | =$1212.00 |
| 2nd | $1200 x (100% + 1%) x (100% + 1%) | =$1224.12 |
| 3rd | $1200 x (100% + 1%) x (100% + 1%) x (100% + 1%) | =$1236.36 |

Compounding will continue up to the maximum number of adjustments.

---

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if:

- During the first 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings; or

- Beyond 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 60% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive or are entitled to receive as loss of time benefits under:

    (a) a workers' compensation law;

    (b) an occupational disease law; or

    (c) any other *act* or *law* with similar intent.

2. The amount that you receive or are entitled to receive as loss of time disability income payments under any:

    (a) state compulsory benefit act or law;

   (b)   automobile liability insurance policy;

   (c)   other group insurance plan; or

   (d)   governmental retirement system as the result of your job with your Employer.

3.   The amount that you, your spouse and children receive or are entitled to receive as loss of time disability payments because of your disability under:

   (a)   the United States Social Security Act;

   (b)   the Railroad Retirement Act;

   (c)   the Canada Pension Plan;

   (d)   the Quebec Pension Plan; or

   (e)   any similar *plan* or *act.*

Amounts paid to your former spouse or to your children living with such spouse will not be included.

4.   The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:

   (a)   the United States Social Security Act;

   (b)   the Railroad Retirement Act;

   (c)   the Canada Pension Plan;

   (d)   the Quebec Pension Plan; or

   (e)   any similar plan or act.

Benefits paid to your former spouse or to your children living with such spouse will not be included.

5.   The amount that you:

   (a)   receive as disability payments under your Employer's *retirement plan*;

   (b)   voluntarily elect to receive as retirement or early retirement payments under your Employer's retirement plan; or

   (c)   receive as retirement payments when you reach normal retirement age, as defined in your Employer's retirement plan.

Disability payments under a retirement plan will be those benefits which are paid due to disability and do not reduce the retirement benefits which would have been paid if the disability had not occurred.

Retirement payments will be those benefits which are paid based on your Employer's contribution to the retirement plan. Disability benefits which reduce the retirement benefits under the plan will also be considered as a retirement benefit.

Amounts received do not include amounts rolled over or transferred to any eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

6.  The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

7.  The amount that you receive from a partnership, proprietorship or any similar draws.

With the exception of retirement payments, or amounts that you receive from a partnership, proprietorship or any similar draws, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

*Law, plan or act* means the original enactment of the law, plan or act and all amendments.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;

- profit sharing plans;

- thrift plans;

- tax sheltered annuities;

- stock ownership plans;

- non-qualified plans of deferred compensation;

- pension plans for partners;

- military pension and disability income plans;

- credit disability insurance;

- franchise disability income plans;

- a retirement plan from another Employer;

- individual retirement accounts (IRA).

PRU01780

### What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is $100.00.

Prudential may apply this amount toward an outstanding overpayment.

### What Happens When You Receive a Cost of Living Increase from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment due to a cost of living increase from that source.

### What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under item 1, 2 or 3 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount under item 1, 2 or 3 in the deductible sources of income section if you:

- apply for the benefits;
- appeal any denial to all administrative levels Prudential feels are necessary; and
- sign Prudential's Reimbursement Agreement form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

### What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

### How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the *maximum period of payment*. Your maximum period of payment is:

PRU01781

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

We will stop sending you payments and your claim will end on the earliest of the following:

1. During the first 24 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

7. The date you decline to participate in a rehabilitation program that Prudential considers appropriate for your situation and that is approved by your doctor.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1. If you are *confined* to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*.

If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2.  In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

* stroke;

* trauma;

* viral infection;

* Alzheimer's disease; or

* other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Mental Illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Hospital or Institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

* intentionally self-inflicted injuries;

* active participation in a riot; or

* commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

* begins within 12 months of the date your coverage under the plan becomes effective; and

- is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1. You received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available; or

2. You had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan; or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

You will be limited to the benefits you had on the day before the increase if your disability begins during the 12 month period starting with the date the increase in benefits would have been effective. The increase will not take effect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

- you were covered by that plan on the day before this plan became effective; and

- you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change.

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                                      (93174-9)

PRU01784

GRP 99545-1

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

- you were continuously insured under this plan for the period between your prior claim and your current disability; and

- your recurrent disability occurs within 6 months of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 6 months from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                    (93174-9)

32

PRU01785

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die?
### (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your *eligible survivor* a lump sum benefit equal to 3 months of your gross disability payment if, on the date of your death:

- your disability had continued for 180 or more consecutive days; and

- you were receiving or were entitled to receive payments under the plan.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1. That you are under the *regular care* of a *doctor*.

2. The appropriate documentation of your monthly earnings.

3. The date your disability began.

4. Appropriate documentation of the disabling disorder.

5. The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

6. The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7. The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability.  Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full.  We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

83500
CCLM-LTD-1001                                              (S-2)

PRU01788

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer.  One of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work.  This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse your Employer for the cost of the modification up to the greater of:

- $1,000; or

- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim and assist you with your application or appeal, if you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;

- you to protect your retirement benefits; and

- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;

- obtaining medical and vocational evidence; and

- reimbursing pre-approved case management expenses.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential's Rehabilitation Program Help You Return to Work?

Prudential has a *rehabilitation program* available.

As your file is reviewed, medical and vocational information will be analyzed to determine if rehabilitation services might help you return to work.

Once the initial review is completed by our rehabilitation program specialists working along with your doctor and other appropriate specialists, Prudential may elect to offer you and pay for a rehabilitation program. If the rehabilitation program is not developed by Prudential's rehabilitation program specialists, you must receive written approval from Prudential for the program before it begins.

The rehabilitation program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

- evaluation of adaptive equipment to allow you to work;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services;

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of an approved rehabilitation program.

If at any time, you decline to take part in or cooperate in a rehabilitation evaluation/assessment or program that Prudential feels is appropriate for your disability and that has been approved by your Doctor, we will cease paying your monthly benefit.

*Rehabilitation program* means a program designed to assist you to return to work.

# Glossary

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 40 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Contract holder* means the Employer to whom the Group Contract is issued.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible as explained in the plan. Salary continuance will not be included as disability earnings since it is not payment for work performed.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

PRU01792

**Elimination period** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

**Employee** means a person who is in active employment with the Employer for the minimum hours requirement.

**Employer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

**Evidence of insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of Insurability will be provided at your own expense.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

83500
CGL-1001 (as modified by GRP 99648-6)                                    (93174-9)

40

PRU01793

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one disability.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Monthly benefit* means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

*Monthly earnings* means your gross monthly income from your Employer as defined in the plan.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Occupational sickness or injury* means an injury arising out of, or in the course of, any work for wage or profit regardless of employer, or a sickness covered, with respect to such work, by any workers' compensation law, occupational disease law or similar law.

*Part-time basis (STD)* means the ability to work and earn between 20% and 80% of your weekly earnings.

*Part-time basis (LTD)* means the ability to work and earn 20% or more of your indexed monthly earnings.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

*Plan* means a line of coverage under the Group Contract.

*Pre-existing condition* means:

a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan; or

you had symptoms for which an ordinarily prudent person would have consulted a health care provider during the given period of time as stated in the plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

PRU01794

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Regular occupation* means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Rehabilitation program* means a program designed to assist you to return to work.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*We, us, and our* means The Prudential Insurance Company of America.

*Weekly benefit* means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

*Weekly earnings* means your gross weekly income from your Employer as defined in the plan.

*Weekly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*You* means a person who is eligible for Prudential coverage.

**The Summary Plan Description**

**is not part of the**

**Group Insurance Certificate.**

**It has been provided by**

**your Employer and included in**

**your Booklet-Certificate**

**upon the Employer's request.**

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

Short Term Disability and Long Term Disability Coverage for All Full-time Employees of Insight Enterprises, Inc.

**Plan Number**

501

**Type of Plan**

Employee Welfare Benefit Plan providing Short and Long Term Disability Coverage

**Plan Sponsor**

Insight Enterprises, Inc.
6820 S. Harl Avenue
Tempe, Arizona  85283

**Employer Identification Number**

86-0766246

**Plan Administrator**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Agent for Service of Legal Process**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Plan Year Ends**

December 31

**Plan Benefits Provided by**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey  07102

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Loss of Benefits**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. It is intended that this plan will be continued for an indefinite period of time. But, the employer reserves the right to change or terminate the plan. This booklet describes your rights upon termination of the plan.

**Claim Procedures**

1.  **Determination of Benefits**

    Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

    If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

    (a)  the specific reason(s) for the denial,

    (b)  references to the specific plan provisions on which the benefit determination was based,

    (c)  a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

    (d)  a description of the Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

    (e)  if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

PRU01798

2.    **Appeals of Adverse Determination**

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by the Prudential Appeals Review Unit. The claim decision will be made by a member of the Prudential Claims Management Team. The Prudential Appeals Review Unit and Claims Management Team members are made up of individuals not involved in the initial benefit determination. This review will not afford any deference to the initial benefit determination.

The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a)    the specific reason(s) for the adverse determination,

(b)    references to the specific plan provisions on which the determination was based,

(c)    a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d)    a description of Prudential's review procedures and applicable time limits,

(e)    a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f)    a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the

PRU01799

date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a second appeal, the Prudential Appeals Review Unit will again conduct a full review of the claim file and any additional information submitted. The claim decision will be made by a member of the Prudential Senior Claims Management Team. The Appeals Unit and Senior Claims Management Team member would not have been involved in the initial benefit determination or in the first appeal.

The Prudential Appeals Review Unit shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter as well as your right to appeal the decision to Prudential's Appeal Committee. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied upon appeal.

If the second appeal of your benefit claim is denied or if you do not receive a response to your second appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your third appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a third appeal, the claim will be directed to Prudential's Appeals Committee by a member of the Prudential Senior Claims Management Team. This Committee will be composed of three members of the Senior Claims Management Team who have not been involved in any previous appeals.

The Prudential Appeals Committee shall make a determination on your third claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to the third level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting

PRU01800

to a third level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the third level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a third time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

## Rights and Protections

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

### Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

### Enforce Your Rights

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you

PRU01801

may file suit in a state or Federal court.  If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court.  The court will decide who should pay court costs and legal fees.  If you are successful, the court may order the person you have sued to pay these costs and fees.  If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator.  If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210.  You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

SPD                                                                                      (93174-9)

PRU01802

93174, STD-LTD, All Employees, Ed 10-2002, 9

PRU01803

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHERYL L. GOODSPEED | * |
| Plaintiff | * |
| v. | *  Case Number:  1:07-CV-01809 (RWR) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al. | * |
| | * |
| Defendants | |

\*      \*      \*      \*      \*      \*      \*      \*      \*

## DECLARATION OF RANDI D. JONES

I, Randi D. Jones, declare and state as follows:

1.      I am employed by The Prudential Insurance Company of America ("Prudential"), a defendant in the above-captioned matter, and I was employed by Prudential during all times referenced herein.  I have personal knowledge regarding all matters set forth herein.

2.      Pursuant to Group Contract Number G-93174-AZ, which expired on September 1, 2004, Prudential provided long and short term disability benefits under an employee welfare benefit plan sponsored and administered by Insight Enterprises, Inc. ("Insight").  I was the Account Manager for Prudential in connection with its contract with Insight.

3.      During the time that Prudential's contract with Insight was in effect, on occasion documents relating to the group contract and/or the provision of disability benefits under Insight's plan were renewed or otherwise updated.  As Account Manager for Insight, it was my responsibility to deliver or cause to be delivered those documents

to Insight for use in connection with the plan. My primary contact at Insight was Yvonne Hendricks, who I am informed is no longer employed by Insight.

4.      Attached as Exhibit A to this Declaration is a true and correct copy of an email dated October 23, 2002, together with attachments to that email, sent by my colleague Jennifer Xilas of Prudential to Yvonne Hendricks of Insight, on which I was copied. As reflected on Exhibit A, that email provides Insight with the plan Booklet regarding Short Term Disability Coverage and Long Term Disability Coverage with Program Date effective September 1, 2002. As

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _Randi D. Jones_   Date: _3/19/08_
Randi D. Jones

# EXHIBIT A

Jennifer
Xilas/GLDI/INST/P
rudential                                To
Group Insurance -         yhenrick@insight.com
Client Management                              cc
Phone Number:          Randi
(310) 284-3868         Jones/GLDI/INST/Prudential@Prudenti
                       al
Fax Number: (310)                    Subject
284-3850          Re: Insight Enterprises #93174
                  (Document link: Randi Jones)


Wed 10/23/2002
01:11 PM

Yvonne,

Enclosed is the booklet and amendment adding Comark employees.

Jennifer


Attached is the contract work for the 9/1/2002 changes to this case per briefs #02211-0010 and #02227-0066.

Basically, the Life coverages were terminated, the earnings definitions were revised, the Comark ees were added (as part of the "All Employees"), and the Disability booklets were consolidated into one plan.

Please look at the Earnings definitions. They appear to be our standard for Base Annual Earnings including bonuses and commissions. So this is what is currently in the booklet below. However eib notes that commissions are averaged over 12 months, but is silent with respect to averaging bonuses. The standard definition in the booklet below notes that both commissions and bonuses are averaged over 12 months. Let me know if you want these definitions revised.

Here is our standard language now when releasing documents:


Subject: Contract documents for Insight Enterprises, #93174

Here are the contract documents for Insight Enterprises's Disability Plan effective September 1, 2002. These documents are in portable document format or pdf. They can be printed out, posted on a web site or e-mailed to participants. Adobe Acrobat Reader software is needed to open and print the files. You can download it free from Adobe's Internet site:
(http://www.adobe.com/products/acrobat/readstep.html).

(See attached file: AMD, G-93174-AZ, 09-01-2002, 8.pdf)

(See attached file: 93174, STD-LTD, All Employees, Ed 10-2002, 9.pdf)


Please ask the client to review these documents to make sure they reflect their understanding of their benefit program. Unless there are changes required, they should print out the Amendment, sign it and return it to us.

If the client needs us to make any changes to these documents to properly reflect their benefit program, please process the plan change and let us know. Please let the client know that we will treat these documents as the governing plan documents as of the effective date unless or until changes are requested. Please be sure to point out that since the language used in these insurance documents must be approved by state regulators, we cannot make purely editorial changes.

If the client has not provided you with an e-mail address, or does not have e-mail capability, please print out the pdf documents in your office for delivery by mail.

# Memorandum

**Prudential Financial**

The Prudential Insurance Company of America
Group Insurance Contract Division
290 West Mount Pleasant Avenue
Livingston, NJ 07039
Tel 973-548-6471  Fax 973-548-6480

To:      Jennifer Xilas

From:    Jenny Coppola

Date:    10/16/2002

Re:      INSIGHT ENTERPRISES, INC.
         G-93174-AZ
         U# 02211-0010; 02227-0066

1.   The enclosed amendment provides the following change or changes:

     Effective 9/1/2002, terminated the MOD page of the Contract for life coverages and
     updated the SCH page of the Contract to show the Life booklet deleted due to
     termination of life coverages and Disability booklets consolidated into one booklet.

2.   Please advise the client to have an individual who is authorized to contract for the
     coverage sign all copies of the amendment.  The signatures should be witnessed and
     dated.  One copy of the amendment is marked "Prudential's Copy" and should be
     returned to us in the enclosed self-addressed stamped envelope.  The other copy
     should be added to the client's contract binder.

U# 02211-0010
   02227-0066

**AMENDMENT TO GROUP CONTRACT NO. G-93174-AZ**

By their signatures below, the Contract Holder and Prudential agree that the Group Contract is changed as follows:

1.  The insurance form listed in Column I below is attached to this Amendment; it forms part of the Group Contract as of its Effective Date.  The form listed in Column I replaces, as of its Effective Date, the corresponding insurance form, if any, listed in Column II.

| Column I | Column II |
|---|---|
| 83500 SCH 1001 (S-1)(93174-AZ) effective September 1, 2002 | 83500 SCH 1001 (S-1)(93174-AZ) effective January 1, 2002 |

2.  At the end of August 31, 2002, the following insurance form(s) of the Group Contract will end:

    83500 MOD 1001 (93174-AZ), effective August 1, 2000

Date: _____, 20____         ___- INSIGHT ENTERPRISES, INC. -___
                                             (Contract Holder)

Witness: _____     By: _____
                                             (Signature and Title)

Livingston, NJ                          THE PRUDENTIAL INSURANCE COMPANY
                                                    OF AMERICA

October 16, 2002                        By: _____
                                             Vice President, Contracts

83500
AMD 1001                                                              A

# Schedule of Plans

**Effective Date:** September 1, 2002

**Group Contract No.:** G-93174-AZ

This Schedule of Plans sets forth the Plan of Benefits that applies to each Covered Class under the Group Contract listed below as of the Effective Date. The Plan of Benefits for a Covered Class is determined by: (1) the Group Insurance Certificates that apply to the Covered Class; and (2) any modification to those Certificates, provided the modification is listed below or included in an amendment to the Group Contract. A copy of each Certificate and any modification to it are attached to the Group Contract and made a part of it.

**Covered Class:**

All Employees included in the Covered Classes of the Group Insurance Certificate(s) listed below.

   **Plan of Benefits that Applies to this Covered Class:**

   (1)   The Coverage(s) described in the Group Insurance Certificate prepared for the Group Contract shown above:

      (a)   With the Program Date of September 1, 2002;

      (b)   and bearing the code "93174, STD-LTD, All Employees, Ed 10-2002, 9".

   The modification to the certificate described in the Notice To Employees:

      (a)   With an Effective Date of August 1, 2000; and

      (b)   Bearing the code "93174, STD-LTD-PERM, All Employees, Ed. 09-2000".

   _____

# Insight Enterprises, Inc.

## *Employees of Insight Enterprises, Inc., Direct Alliance Corporation, and Comark*

**Short Term Disability Coverage**

**Long Term Disability Coverage**



# Benefit Highlights

## SHORT TERM DISABILITY PLAN

This short term disability plan provides financial protection by paying a portion of your income while you are disabled. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | September 1, 2002 |
| **Contract Holder:** | INSIGHT ENTERPRISES, INC. |
| **Group Contract Number:** | G-93174-AZ |
| **Covered Classes:** | All Full-time Employees who work a minimum of 40 hours per week. |
| **Minimum Hours Requirement:** | Employees must be working at least 40 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period. |
| **Elimination Period:** | 7 days for disability due to accident;
7 days for disability due to sickness.

**Benefits begin the day after the Elimination Period is completed.** |
| **Weekly Benefit:** | 60% of your weekly earnings, but not more than $1,500.00. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00.

Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered under this plan. |
| **Maximum Period of Benefits:** | 12 weeks of benefits.

Contributions are required for your coverage while you are receiving payments under this plan. |
| **Cost of Coverage:** | The short term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll. |

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

**Program Date:** September 1, 2002

**Contract Holder:** INSIGHT ENTERPRISES, INC.

**Group Contract Number:** G-93174-AZ

**Covered Classes:** All Full-time Employees who work a minimum of 40 hours per week.

**Minimum Hours Requirement:** Employees must be working at least 40 hours per week.

**Employment Waiting Period:** You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

**Elimination Period:** The shorter of 90 days and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave.

**Benefits begin the day after the Elimination Period is completed.**

**Monthly Benefit:** 60% of your monthly earnings, but not more than $10,000.00.

Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage.

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

83500
CBH-LTD-1001

(93174-9)

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:**   The long term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage.  For a full description please read this entire Group Insurance Certificate.**

# Table of Contents

BENEFIT HIGHLIGHTS - SHORT TERM DISABILITY PLAN ........................................................ 1

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ......................................................... 2

CERTIFICATE OF COVERAGE .................................................................................................. 5

GENERAL PROVISIONS .......................................................................................................... 6

SHORT TERM DISABILITY COVERAGE - GENERAL INFORMATION ...................................... 10

SHORT TERM DISABILITY COVERAGE - BENEFIT INFORMATION ........................................ 11

SHORT TERM DISABILITY - CLAIM INFORMATION ............................................................... 17

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION ........................................ 20

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ......................................... 21

LONG TERM DISABILITY - OTHER BENEFITS ...................................................................... 33

LONG TERM DISABILITY - CLAIM INFORMATION ................................................................ 34

LONG TERM DISABILITY - OTHER SERVICES ...................................................................... 37

LONG TERM DISABILITY - OTHER SERVICES ...................................................................... 38

GLOSSARY............................................................................................................................. 39

SUMMARY PLAN DESCRIPTION ........................................................................................... 43

The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured.  You will want to read this certificate and keep it in a safe place.

Prudential has written this certificate in booklet format to be understandable to you.  If you should have any questions about the content or provisions, please consult Prudential's claims paying office.  Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

## Prudential's Address

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

## Customer Service Office

The Prudential Insurance Company of America
Disability Management Services Claim Division
P.O. Box 13480
Philadelphia, Pennsylvania 19101
1-800-842-1718

83500
CERT-1014

(S-2)

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;

- to whom Prudential will make a payment; and

- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We, us, and our* means The Prudential Insurance Company of America.

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and

- the day after you complete your *employment waiting period*.

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you apply for insurance on or before that date;

83500
CGP-1001                                            (S-2) (93174-9)

- the date you apply for insurance, if you apply within 31 days after your eligibility date; or

- the date Prudential approves your application, if *evidence of insurability* is required.

Evidence of insurability is required if you:

- are a late applicant, which means you apply for coverage more than 31 days after the date you are eligible for coverage; or

- voluntarily canceled your coverage and are reapplying; or

- apply after any of your coverage ended because you did not pay a required contribution; or

- have not met a previous evidence requirement to become insured under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

---

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 40 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Evidence of insurability* means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of insurability will be provided at your own expense.

---

## What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

## Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary **layoff**, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

If you are on a *leave of absence*, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins.

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer.

If you are working less than 40 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

*Layoff* or *leave of absence* means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change, if you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increased or additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a *payable claim* that occurs prior to the increase or decrease.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;

- the date you are no longer a member of the covered classes;

- the date your covered class is no longer covered;

- the last day of the period for which you made any required contributions;

- the last day you are in active employment except as provided under the temporary absence from work provisions; or

- the date you are no longer in active employment due to a disability that is not covered under the plan.

**Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?**

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Short and Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

# Short Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Full-time Employees who work a minimum of 40 hours per week.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 40 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you. Your Employer will inform you of the amount of your contribution when you enroll.

83500
CGI-STD-1001

(S-2) (93174-9)

# Short Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in weekly earnings due to the same sickness or injury.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

### How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 5 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period for disability due to an accident which begins while you are covered is 7 days; your elimination period for disability due to a sickness which begins while you are covered is 7 days.

83500
CBI-STD-1015 (as modified by GRP 99545-2)                                (93174-9)

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment weekly for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *weekly payment*.

1.  Multiply your weekly earnings by 60%. If this amount is not a multiple of $1.00, it will be rounded to the next higher multiple of $1.00.

2.  The maximum *weekly benefit* is $1,500.00.

3.  Compare the answer in item 1 with the maximum weekly benefit. The lesser of these two amounts is your *gross disability payment*.

4.  Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your weekly payment.

After the elimination period, if you are disabled for less than 1 week, we will send you 1/5 of your payment for each day of disability.

*Weekly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Weekly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Weekly Earnings?

Weekly earnings means your gross weekly income from your Employer in effect just prior to your date of disability. Weekly earnings includes the average commissions and bonuses earned per week during the shorter of: (i) the 12 month period just prior to your date of disability; or (ii) your period of employment. Weekly earnings does not include income received from overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Weekly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your weekly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the weekly payment if you are disabled and your weekly *disability earnings*, if any, are less than 20% of your weekly earnings.

If you are disabled and your weekly disability earnings are from 20% through 80% of your weekly earnings, you will receive payments based on the percentage of income you are losing due to your disability. We will follow this process to figure out your weekly payment:

1. Subtract your disability earnings from your weekly earnings.

2. Divide the answer in item 1 by your weekly earnings. This is your percentage of lost earnings.

3. Multiply your weekly payment as shown above by the answer in item 2.

This is the amount Prudential will pay you for each week.

Prudential may require you to send proof of your disability earnings each week. We will adjust your weekly payment based on your disability earnings. As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to the greatest extent possible. This would be the greatest extent of work, based on your restrictions and limitations, that you are able to do in your regular occupation, that is reasonably available. Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from week to week, Prudential may average your disability earnings over the most recent 3 weeks to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if the average of your disability earnings from the last 3 weeks exceeds 80% of weekly earnings.

We will not pay you for any week during which disability earnings exceed 80% of weekly earnings.

### What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the amount that you receive or are entitled to receive as loss of time disability income payments under any state compulsory benefit *act* or *law*.

*Law or act* means the original enactment of the law or act and all amendments.

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum weekly payment is $25.00.

Prudential may apply this amount toward an outstanding overpayment.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount if you:

- apply for the benefits;

- appeal any denial to all administrative levels Prudential feels are necessary; and

- sign Prudential's Reimbursement Agreement form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or

- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

### How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment weekly up to the *maximum period of payment*. Your maximum period of payment is 12 weeks during a continuous period of disability.

We will stop sending you payments and your claim will end on the earliest of the following:

1. When you are able to work in your regular occupation on a *part-time basis* but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

*Part-time basis* means the ability to work and earn between 20% and 80% of your weekly earnings.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

- intentionally self-inflicted injuries;

- active participation in a riot;

- commission of a crime for which you have been convicted under state or federal law; or

- **occupational sickness or injury.** However, Prudential will cover disabilities due to occupational sicknesses or injuries for partners or sole proprietors who cannot be covered by workers' compensation law.

Your plan does not cover a disability which:

- begins within 12 months of the date your coverage under the plan becomes effective; and

- is due to a pre-existing condition.*

*This pre-existing condition exclusion does not apply to those Employees who: (a) were hired prior to August 1, 2000, and (b) elected the plan with an effective date of August 1, 2000.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

*Occupational sickness or injury* means an injury arising out of, or in the course of, any work for wage or profit regardless of employer, or a sickness covered, with respect to such work, by any workers' compensation law, occupational disease law or similar law.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1. You received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendation in the 3 months months just prior to your effective date of coverage; or

2. You had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months months just prior to your effective date of coverage.

GRP 99545-2

## What Happens If You Return to Work Full Time and You Become Disabled Again?

1. If your current disability is related or due to the same cause(s) as your prior disability for which Prudential made a payment:

   Prudential will treat your current disability as part of your prior claim and you will not have to complete another elimination period if you return to active employment for your Employer on a full time basis for 30 consecutive days or less. Your disability will be subject to the same terms of the plan as your prior claim.

2. If your current disability is unrelated to your prior disability for which Prudential made a payment:

   Prudential will treat your current disability as a new claim and you will have to complete another elimination period. Your disability will be subject to all of the plan provisions.

If you become covered under any other group short term disability plan, you will not be eligible for payments under the Prudential plan.

## How Can Prudential Help You and Your Employer Prevent a Disability or Help You Return to Work?

Prudential has rehabilitation services available. As these services are designed to coordinate with your long term disability coverage, please see the Other Services section in your long term disability plan.

83500
CBI-STD-1015 (as modified by GRP 99545-2)                                    (93174-9)

# Short Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1.  That you are under the *regular care* of a *doctor*.

2.  The appropriate documentation of your weekly earnings.

3.  The date your disability began.

4.  Appropriate documentation of the disabling disorder.

5.  The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation.

6.  The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7.  The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability.  Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full.  We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

### What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

### How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Long Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Full-time Employees who work a minimum of 40 hours per week.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 40 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your coverage is paid for by you. Your Employer will inform you of the amount of your contribution when you enroll.

83500
CGI-LTD-1001

(S-2) (93174-9)

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                                    (93174-9)

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is the shorter of 90 days and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*.

1.    Multiply your monthly earnings by 60%.

2.    The maximum *monthly benefit* is $10,000.00.

3.    Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4.    Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

Monthly earnings means your gross monthly income from your Employer in effect just prior to your date of disability. Monthly earnings includes the average commissions and bonuses earned per month during the shorter of: (i) the 12 month period just prior to your date of disability; or (ii) your period of employment. Monthly earnings does not include income received from overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly *disability earnings*, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1.  Add your monthly disability earnings to your gross disability payment.

2.  Compare the answer in item 1 to your indexed monthly earnings.

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1.    Subtract your disability earnings from your indexed monthly earnings.

2.    Divide the answer in item 1 by your indexed monthly earnings.  This is your percentage of lost earnings.

3.    Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

During the first 24 months of disability payments, if your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Beyond 24 months of disability payments, if your monthly disability earnings exceed 60% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible.  This would be, based on your restrictions and limitations:

•    During the first 24 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

•    Beyond 24 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## Will Your Payment Be Adjusted by a Cost of Living Increase?

Prudential will make a cost of living adjustment (COLA) on July 1 if you are disabled and not working on that date and have been disabled for all of the 12 months before that date.

Your payments will increase on that date by the lesser of 50% of the current annual increase in the Consumer Price Index or 6%.  You will not receive more than 5 cost of living adjustments while you continue to receive payments for your disability.

Each month Prudential will add the cost of living adjustment to your monthly payment. When Prudential adds the adjustment to your payment, the increase may cause your payment to exceed the maximum monthly benefit.

---

**Cost of Living Example:**

Your Monthly Payment = $1200
Annual Increase in the Consumer Price Index = 2%
Cost of Living Adjustment % (COLA%) = 1%

**July 1 following
12 or more months
of Disability**

| Payments | Your monthly payment x (100% + COLA%) | =New Payment |
|---|---|---|
| 1st | $1200 x (100% + 1%) | =$1212.00 |
| 2nd | $1200 x (100% + 1%) x (100% + 1%) | =$1224.12 |
| 3rd | $1200 x (100% + 1%) x (100% + 1%) x (100% + 1%) | =$1236.36 |

Compounding will continue up to the maximum number of adjustments.

---

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if:

- During the first 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings; or

- Beyond 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 60% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive or are entitled to receive as loss of time benefits under:

    (a) a workers' compensation law;

    (b) an occupational disease law; or

    (c) any other *act* or *law* with similar intent.

2. The amount that you receive or are entitled to receive as loss of time disability income payments under any:

    (a) state compulsory benefit act or law;

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                                    (93174-9)

    (b)   automobile liability insurance policy;

    (c)   other group insurance plan; or

    (d)   governmental retirement system as the result of your job with your Employer.

3.   The amount that you, your spouse and children receive or are entitled to receive as loss of time disability payments because of your disability under:

    (a)   the United States Social Security Act;

    (b)   the Railroad Retirement Act;

    (c)   the Canada Pension Plan;

    (d)   the Quebec Pension Plan; or

    (e)   any similar *plan* or *act*.

Amounts paid to your former spouse or to your children living with such spouse will not be included.

4.   The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:

    (a)   the United States Social Security Act;

    (b)   the Railroad Retirement Act;

    (c)   the Canada Pension Plan;

    (d)   the Quebec Pension Plan; or

    (e)   any similar plan or act.

Benefits paid to your former spouse or to your children living with such spouse will not be included.

5.   The amount that you:

    (a)   receive as disability payments under your Employer's *retirement plan*;

    (b)   voluntarily elect to receive as retirement or early retirement payments under your Employer's retirement plan; or

    (c)   receive as retirement payments when you reach normal retirement age, as defined in your Employer's retirement plan.

Disability payments under a retirement plan will be those benefits which are paid due to disability and do not reduce the retirement benefits which would have been paid if the disability had not occurred.

Retirement payments will be those benefits which are paid based on your Employer's contribution to the retirement plan.  Disability benefits which reduce the retirement benefits under the plan will also be considered as a retirement benefit.

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                           (93174-9)

Amounts received do not include amounts rolled over or transferred to any eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

6.    The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

7.    The amount that you receive from a partnership, proprietorship or any similar draws.

With the exception of retirement payments, or amounts that you receive from a partnership, proprietorship or any similar draws, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

*Law, plan or act* means the original enactment of the law, plan or act and all amendments.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;

- profit sharing plans;

- thrift plans;

- tax sheltered annuities;

- stock ownership plans;

- non-qualified plans of deferred compensation;

- pension plans for partners;

- military pension and disability income plans;

- credit disability insurance;

- franchise disability income plans;

- a retirement plan from another Employer;

- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is $100.00.

Prudential may apply this amount toward an outstanding overpayment.

## What Happens When You Receive a Cost of Living Increase from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment due to a cost of living increase from that source.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under item 1, 2 or 3 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount under item 1, 2 or 3 in the deductible sources of income section if you:

- apply for the benefits;

- appeal any denial to all administrative levels Prudential feels are necessary; and

- sign Prudential's Reimbursement Agreement form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or

- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the *maximum period of payment*. Your maximum period of payment is:

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                                    (93174-9)

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

We will stop sending you payments and your claim will end on the earliest of the following:

1. During the first 24 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

7. The date you decline to participate in a rehabilitation program that Prudential considers appropriate for your situation and that is approved by your doctor.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1. If you are *confined* to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*.

If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2.    In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

- stroke;

- trauma;

- viral infection;

- Alzheimer's disease; or

- other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Mental illness* means a psychiatric or psychological condition regardless of cause.  Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions.  These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

- intentionally self-inflicted injuries;

- active participation in a riot; or

- commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

- begins within 12 months of the date your coverage under the plan becomes effective; and

83500
CBI-LTD-1069 (as modified by GRP 99545-1)                              (93174-9)

- is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1. You received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available; or

2. You had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan; or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

You will be limited to the benefits you had on the day before the increase if your disability begins during the 12 month period starting with the date the increase in benefits would have been effective. The increase will not take effect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

- you were covered by that plan on the day before this plan became effective; and

- you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change.

GRP 99545-1

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

- you were continuously insured under this plan for the period between your prior claim and your current disability; and

- your recurrent disability occurs within 6 months of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 6 months from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die?
### (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your *eligible survivor* a lump sum benefit equal to 3 months of your gross disability payment if, on the date of your death:

- your disability had continued for 180 or more consecutive days; and

- you were receiving or were entitled to receive payments under the plan.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

---

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

---

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1. That you are under the *regular care* of a *doctor*.

2. The appropriate documentation of your monthly earnings.

3. The date your disability began.

4. Appropriate documentation of the disabling disorder.

5. The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

6. The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7. The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us.

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability.  Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full.  We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. One of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse your Employer for the cost of the modification up to the greater of:

- $1,000; or

- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim and assist you with your application or appeal, if you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;

- you to protect your retirement benefits; and

- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;

- obtaining medical and vocational evidence; and

- reimbursing pre-approved case management expenses.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential's Rehabilitation Program Help You Return to Work?

Prudential has a *rehabilitation program* available.

As your file is reviewed, medical and vocational information will be analyzed to determine if rehabilitation services might help you return to work.

Once the initial review is completed by our rehabilitation program specialists working along with your doctor and other appropriate specialists, Prudential may elect to offer you and pay for a rehabilitation program. If the rehabilitation program is not developed by Prudential's rehabilitation program specialists, you must receive written approval from Prudential for the program before it begins.

The rehabilitation program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

- evaluation of adaptive equipment to allow you to work;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services;

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of an approved rehabilitation program.

If at any time, you decline to take part in or cooperate in a rehabilitation evaluation/assessment or program that Prudential feels is appropriate for your disability and that has been approved by your Doctor, we will cease paying your monthly benefit.

*Rehabilitation program* means a program designed to assist you to return to work.

# Glossary

**Active employment** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 40 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

**Confined or confinement** for this section means a hospital stay of at least 8 hours per day.

**Contract holder** means the Employer to whom the Group Contract is issued.

**Deductible sources of income** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

**Disability earnings** means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible as explained in the plan. Salary continuance will not be included as disability earnings since it is not payment for work performed.

**Doctor** means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

**Eligible survivor** means your spouse, if living; otherwise, your children under age 25.

83500
CGL-1001 (as modified by GRP 99648-6)                    (93174-9)

**Elimination period** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

**Employee** means a person who is in active employment with the Employer for the minimum hours requirement.

**Employer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

**Evidence of insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of Insurability will be provided at your own expense.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

***Material and substantial duties*** means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

***Maximum period of payment*** means the longest period of time Prudential will make payments to you for any one disability.

***Mental illness*** means a psychiatric or psychological condition regardless of cause.  Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions.  These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

***Monthly benefit*** means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

***Monthly earnings*** means your gross monthly income from your Employer as defined in the plan.

***Monthly payment*** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

***Occupational sickness or injury*** means an injury arising out of, or in the course of, any work for wage or profit regardless of employer, or a sickness covered, with respect to such work, by any workers' compensation law, occupational disease law or similar law.

***Part-time basis (STD)*** means the ability to work and earn between 20% and 80% of your weekly earnings.

***Part-time basis (LTD)*** means the ability to work and earn 20% or more of your indexed monthly earnings.

***Payable claim*** means a claim for which Prudential is liable under the terms of the Group Contract.

***Plan*** means a line of coverage under the Group Contract.

***Pre-existing condition*** means:

a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan; or

you had symptoms for which an ordinarily prudent person would have consulted a health care provider during the given period of time as stated in the plan.

***Recurrent disability*** means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

**Regular care** means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

**Regular occupation** means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

**Rehabilitation program** means a program designed to assist you to return to work.

**Retirement plan** means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

**Sickness** means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

**We, us, and our** means The Prudential Insurance Company of America.

**Weekly benefit** means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

**Weekly earnings** means your gross weekly income from your Employer as defined in the plan.

**Weekly payment** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

**You** means a person who is eligible for Prudential coverage.

**The Summary Plan Description**

**is not part of the**

**Group Insurance Certificate.**

**It has been provided by**

**your Employer and included in**

**your Booklet-Certificate**

**upon the Employer's request.**

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

Short Term Disability and Long Term Disability Coverage for All Full-time Employees of Insight Enterprises, Inc.

**Plan Number**

501

**Type of Plan**

Employee Welfare Benefit Plan providing Short and Long Term Disability Coverage

**Plan Sponsor**

Insight Enterprises, Inc.
6820 S. Harl Avenue
Tempe, Arizona  85283

**Employer Identification Number**

86-0766246

**Plan Administrator**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Agent for Service of Legal Process**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Plan Year Ends**

December 31

**Plan Benefits Provided by**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey  07102

SPD                                                                    (93174-9)

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Loss of Benefits**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. It is intended that this plan will be continued for an indefinite period of time. But, the employer reserves the right to change or terminate the plan. This booklet describes your rights upon termination of the plan.

**Claim Procedures**

1. **Determination of Benefits**

    Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

    If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

    (a)  the specific reason(s) for the denial,

    (b)  references to the specific plan provisions on which the benefit determination was based,

    (c)  a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

    (d)  a description of the Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

    (e)  if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

2.    **Appeals of Adverse Determination**

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied.  You may submit with your appeal any written comments, documents, records and any other information relating to your claim.  Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by the Prudential Appeals Review Unit.  The claim decision will be made by a member of the Prudential Claims Management Team.  The Prudential Appeals Review Unit and Claims Management Team members are made up of individuals not involved in the initial benefit determination.  This review will not afford any deference to the initial benefit determination.

The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial.  The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a)    the specific reason(s) for the adverse determination,

(b)    references to the specific plan provisions on which the determination was based,

(c)    a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d)    a description of Prudential's review procedures and applicable time limits,

(e)    a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f)    a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the

date such claim is deemed denied.  You may submit with your second appeal any written comments, documents, records and any other information relating to your claim.  Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a second appeal, the Prudential Appeals Review Unit will again conduct a full review of the claim file and any additional information submitted.  The claim decision will be made by a member of the Prudential Senior Claims Management Team.  The Appeals Unit and Senior Claims Management Team member would not have been involved in the initial benefit determination or in the first appeal.

The Prudential Appeals Review Unit shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial.  The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter as well as your right to appeal the decision to Prudential's Appeal Committee.  If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied upon appeal.

If the second appeal of your benefit claim is denied or if you do not receive a response to your second appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied.  You may submit with your third appeal any written comments, documents, records and any other information relating to your claim.  Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a third appeal, the claim will be directed to Prudential's Appeals Committee by a member of the Prudential Senior Claims Management Team.  This Committee will be composed of three members of the Senior Claims Management Team who have not been involved in any previous appeals.

The Prudential Appeals Committee shall make a determination on your third claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to the third level of appeal has no effect on your right to any other benefits under this plan.  If you elect to initiate a lawsuit without submitting

to a third level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies.  If you elect to submit the dispute to the third level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a third time, you will receive a written notification from Prudential of the denial.  The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter.  If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

### Rights and Protections

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA).  ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description.  The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report.  The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

### Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan.  The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries.  No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

### Enforce Your Rights

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights.  For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court.  In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.  If you have a claim for benefits which is denied or ignored, in whole or in part, you

may file suit in a state or Federal court.  If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court.  The court will decide who should pay court costs and legal fees.  If you are successful, the court may order the person you have sued to pay these costs and fees.  If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator.  If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210.  You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

93174, STD-LTD, All Employees, Ed 10-2002, 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHERYL L. GOODSPEED                          *

      Plaintiff                              *

v.                                            *   Case Number: 1:07-CV-01809 (RWR)

THE PRUDENTIAL INSURANCE                      *
COMPANY OF AMERICA, et al.
                                              *
      Defendants

   *   *   *   *   *   *   *   *   *

<u>DECLARATION OF CHRISTINE KUSCH</u>

I, Christine Kusch, declare and state as follows:

1.     I am employed by Insight North America, Inc., a subsidiary of Insight Enterprises, Inc. ("Insight"), in its Bloomingdale, Illinois office. I have personal knowledge regarding all matters herein, and am competent to testify in this matter.

2.     I have worked for Insight from February 2004 through August 2004 and then again from February 2005 to the present. I presently work in Insight's People and Development Department. In that department, part of my responsibilities relate to the provision of benefits to eligible employees under employee welfare benefit plans sponsored by Insight.

3.     I am informed that this lawsuit involves a claim for disability benefits made in 2002 by Sheryl L. Goodspeed, who at the time was an employee of Direct Alliance Corporation (then affiliated with Insight). I have investigated whether any current employees of Insight worked in the employee benefits area for Insight in 2002, and I have concluded that there are no such current employees. Direct Alliance Corporation is no longer affiliated with Insight, but I am aware that in 2002, the plan

sponsored by Insight also provided benefits to eligible employees of affiliate Direct Alliance Corporation.

4.    Insight utilizes a shared drive on its computer network for use by employees of Insight's People and Development Department. I am familiar with the purposes and uses of this shared drive. One such use of this shared drive is to provide a historical record of human resources documents used in prior years, including plan documents relating to the provision of employee benefits. It is the general practice of the People and Development Department that plan documents are not to be stored on the shared drive unless they were actually in use. I am aware of no deviations from that practice.

5.    I reviewed the aforementioned shared drive to identify any Summary Plan Description ("SPD") utilized by Insight in 2002 concerning disability benefits. I located a single such SPD on that shared drive for this time period and subject matter. A copy of that SPD is attached to this Declaration as Exhibit A.

6.    Based on the foregoing, I believe and conclude that the SPD attached as Exhibit A was in use by Insight during that time, and it is also my understanding that the SPD attached as Exhibit A was the only SPD concerning the provision of disability benefits to eligible employees of Insight and its affiliates in effect at that time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _Christine Kusch_          Date: _3/20/2008_
Christine Kusch

# EXHIBIT A

**The Summary Plan Description**

**is not part of the**

**Group Insurance Certificate.**

**It has been provided by**

**your Employer and included in**

**your Booklet-Certificate**

**upon the Employer's request.**

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

Short Term Disability and Long Term Disability Coverage for All Full-time Employees of Insight Enterprises, Inc.

**Plan Number**

501

**Type of Plan**

Employee Welfare Benefit Plan providing Short and Long Term Disability Coverage

**Plan Sponsor**

Insight Enterprises, Inc.
6820 S. Harl Avenue
Tempe, Arizona  85283

**Employer Identification Number**

86-0766246

**Plan Administrator**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Agent for Service of Legal Process**

Insight Enterprises, Inc.
Attention:  Human Resources Department
6820 S. Harl Avenue
Tempe, Arizona  85283

**Plan Year Ends**

December 31

**Plan Benefits Provided by**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey  07102

SPD

44

(93174-9)

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Loss of Benefits**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. It is intended that this plan will be continued for an indefinite period of time. But, the employer reserves the right to change or terminate the plan. This booklet describes your rights upon termination of the plan.

**Claim Procedures**

**1.    Determination of Benefits**

Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

(a)  the specific reason(s) for the denial,

(b)  references to the specific plan provisions on which the benefit determination was based,

(c)  a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

(d)  a description of the Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

(e)  if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

**2.    Appeals of Adverse Determination**

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied.  You may submit with your appeal any written comments, documents, records and any other information relating to your claim.  Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by the Prudential Appeals Review Unit.  The claim decision will be made by a member of the Prudential Claims Management Team.  The Prudential Appeals Review Unit and Claims Management Team members are made up of individuals not involved in the initial benefit determination.  This review will not afford any deference to the initial benefit determination.

The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial.  The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a)    the specific reason(s) for the adverse determination,

(b)    references to the specific plan provisions on which the determination was based,

(c)    a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d)    a description of Prudential's review procedures and applicable time limits,

(e)    a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f)    a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the

date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a second appeal, the Prudential Appeals Review Unit will again conduct a full review of the claim file and any additional information submitted. The claim decision will be made by a member of the Prudential Senior Claims Management Team. The Appeals Unit and Senior Claims Management Team member would not have been involved in the initial benefit determination or in the first appeal.

The Prudential Appeals Review Unit shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter as well as your right to appeal the decision to Prudential's Appeal Committee. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied upon appeal.

If the second appeal of your benefit claim is denied or if you do not receive a response to your second appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your third appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a third appeal, the claim will be directed to Prudential's Appeals Committee by a member of the Prudential Senior Claims Management Team. This Committee will be composed of three members of the Senior Claims Management Team who have not been involved in any previous appeals.

The Prudential Appeals Committee shall make a determination on your third claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to the third level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting

to a third level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the third level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a third time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

**Rights and Protections**

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

**Receive Information about Your Plan and Benefits**

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions by Plan Fiduciaries**

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

**Enforce Your Rights**

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you

may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.